RALPH WILSON AND GEORGE WILSON

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1955.)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

JOHN S. WRINKLE, Chattanooga, for plaintiffs in error.
NAT TIPTON, Advocate General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiffs in error, who will be later on referred to as the defendants, were put to trial in the Criminal Court upon a two-count indictment: (1) charging burglary in the third degree, and (2) receiving stolen property. The jury returned a general verdict of guilty and fixed their punishment at three years in the State Penitentiary.

They appealed and assigned errors which raise the following questions: (1) The judgment of the court should be reversed on the ground that the alleged accomplice in the crime, one Gary Quarles, was not corroborated by any material evidence, hence there is no evidence to sustain the verdict of the jury. (2) The trial judge committed error in overruling their plea of former jeopardy. (3) The court committed error in disallowing their right to a jury trial upon their plea of former jeopardy.

On the night of July 30, 1954, two bronze rollers were stolen from the Standard Coosa-Thatcher Company in Chattanooga, Tennessee. One of the thieves was Gary

Quarles, who testified as a State's witness. He testified that about 9:00 o'clock p.m. he and the two named defendants broke into the warehouse of the prosecutor, climbing through a window, and took the bronze rollers to a junk dealer on the following morning. This dealer became suspicious and notified the police with the result that all three were arrested. The witness, Quarles was asked:

"Q. What were you going to do with the money from those rollers? A. Split it three ways."

He later testified on re-direct examination that the robbery was planned by himself and Ralph Wilson.

We think there is sufficient corroboration of the testimony of Quarles to sustain the verdict. The corroboration consists of the following facts: (1) The defendants are shown to have been present with Quarles when the sale of this stolen property was sought to be made. (2) Both of the defendants admit to loading one each of these rollers into the car which transported them to the junk dealer's place of business. (3) The defendant, George Wilson, admitted upon cross-examination that he and his brother would each receive one-third of the proceeds of sale of this stolen property.

The defendants defended upon the ground that they had no actual connection with the theft and that they only assisted Quarles in carrying these rollers to the junk dealer without any knowledge that they were stolen property. The jury refused to accept this as true, and we think properly so. The most recent case dealing with the question of corroboration of an accomplice is *Stanley v. State*, 189 Tenn. 110, 222 S.W.2d 384, wherein it was held that the corroboration of an accomplice is primarily for the jury.

The assignments of error, based upon the facts above detailed, are accordingly overruled.

The contention with reference to the plea of "former jeopardy" is that the defendants had been formerly indicted by the grand jury for the theft of *brass rollers* of the value of $180. When put to trial upon this indictment it was quashed by the trial judge evidently because of a variance between the description of the rollers as brass, when the proof showed they were *bronze rollers* instead.

The defendants were subsequently indicted for the same offense, this indictment charging the theft of *bronze rollers*. When brought to trial on this indictment the defendants plead "former jeopardy" and insisted that this issue should be tried to a jury. The trial judge overruled the plea and denied a jury trial of the issue of former jeopardy.

This Court in speaking upon the identical question in *Hite v. State,* 1836, 17 Tenn. 357, expressly held that the plea was ineffectual as a bar to a subsequent indictment and prosecution, and also that the issue of former jeopardy was for the court and not the jury.

■ While it was not at all necessary initially that the indictment should charge the actual composition of the rollers in question, nevertheless when the pleader had done so it became absolutely necessary that it be proven as alleged. Compare now the facts in the Hite case with the facts of the case at bar. In the former the question arose as to a variance between the indictment and the proof. The first indictment charged the prisoner with having stolen and carried away "one bank-note of the Planters' Bank of Tennessee, payable on demand at the

*Merchants* and Traders' Bank, at New Orleans''. Upon this indictment he was acquitted. The second indictment charged the larceny as aforesaid, but that the note in question was ''payable at the *Mechanics* and Traders' Bank of New Orleans''.

In responding to the defendant Hite's plea of *autrefois acquit,* it was held:

''It is certainly true that the place of payment formed no material part of the description of the note, and need not have been stated in the bills of indictment, as has been decided in the case of the *King v. Johnson,* 2 Leach 1103; *King v. Simpkin,* 2 Starkie 429; *King v. Milnes,* 2 East's P.Cr. 602. But it is equally true that, having been stated, it became necessary to prove it; otherwise, it would not have appeared that the note charged to have been stolen was the same as that described in the bill of indictment. This position is supported by many authorities. In *Roscoe's Criminal Evidence,* page 77, it is said that if a person or thing necessary to be mentioned in an indictment is described with circumstances of greater particularity than is requisite, yet those circumstances must be proved; as, if a man were charged with stealing a black horse, the allegation of color, though unnecessary, yet, being descriptive of that which is material, could not be rejected.

\* \* \* \* \* \*

''But, if the variances are in those things which are material, *autrefois acquit* cannot be pleaded in bar—either the first indictment was ineffectual, and therefore the acquittal of no avail, or the record will prove not applicable to the evidence, and therefore the ob-

jection is needless; as in the case now under consideration, if the note stolen was payable at the Mechanics and Traders' Bank, as charged in the second bill of indictment, then the first was ineffectual, and the acquittal of no avail; * * *.''

In ruling that the issue of former jeopardy was a question of law for the court to decide it was said: ''When the issue comes to be tried, the record must be produced, and, if it be substantially variant from that set forth in the plea, the court will direct that a verdict be found against the plea without submitting the matters of fact to the jury.''

■ Thus it is that the foregoing decision is conclusive of the rights of the appellants in this case.

The judgment of the trial court is affirmed.