**STATE of Tennessee, Plaintiff-in-Error,**

v.

**Eddy DANIELS, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Nov. 5, 1975.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Baxter Key, Jr., Dist. Atty. Gen., Carthage, for plaintiff-in-error.

Reneau & Reneau, Celina, for defendant-in-error.

OPINION

DUNCAN, Judge.

The Honorable Hillard M. Roberts, Judge of the Criminal Court of Clay County, dismissed a presentment against the defendant in error, Eddy Daniels, on the grounds of double jeopardy. The State has appealed therefrom, alleging that the trial court erred in holding that the defendant had been once placed in jeopardy in the General Sessions Court of Clay County.

The record indicates that the parties entered into a stipulation of facts, which reflects the following:

The defendant, Eddy Daniels, was arrested on September 19, 1974, by the Sheriff of Clay County and charged with operating a motor vehicle while under the influence of intoxicants. A State warrant was issued and Daniels was brought to trial on the charge in the General Sessions Court of Clay County on October 25, 1974. At that time the defendant entered a written plea of not guilty, waived his right to a trial by indictment or presentment preferred by a grand jury, and waived his right to a trial by a jury of his peers. Thereafter, the witnesses were sworn. At the conclusion of these proceedings, the arresting officer moved the court to dismiss the case. The motion was granted and the warrant was dismissed without the permission of the defendant and over his objection.

Subsequently, the arresting officer appeared before the grand jury of Clay County and that lawfully constituted body returned a presentment against the defendant. It is stipulated that the occurrences set forth in the State's warrant and in the presentment were one and the same in law and fact and were not separate offenses.

On February 24, 1975, the trial court sustained a plea of double jeopardy, dismissed the presentment and discharged the defendant.

The sole issue to be determined in this case is at what point does jeopardy attach in a nonjury case.

■ In Tennessee, the law is clearly defined that jeopardy attaches in a jury case when a defendant is put on trial before a court of competent jurisdiction, upon an indictment sufficient in form and substance to sustain a conviction and the jury has been impaneled and sworn. *Etter v. State*, 185 Tenn. 218, 205 S.W.2d 1 (1947); *King v. State*, 216 Tenn. 215, 391 S.W.2d 637 (1965); *State v. Johnson*, 218 Tenn. 433, 404 S.W.2d 244 (1966); *Bell v. State*, 220 Tenn. 685, 690, 423 S.W.2d 482, 485 (1968).

■ It is not necessary that the indictment be read or that testimony be heard as a prerequisite for the attachment of jeopardy in a jury trial. In *Bell v. State, supra,* our Supreme Court stated:

"The contention of the plaintiff in error is based upon Section 10 of the Declaration of Rights found in Article 1 of our Constitution, that 'no person shall, for the same offense, be twice put in jeopardy of life or limb.' This provision in our Constitution, which also appears in the Fifth Amendment to the Federal Constitution, is from the common law.

"In effect this provision as interpreted by the courts has been to protect the citizen against oppression and prosecution even though the persons might be guilty. In effect it means when one is put on trial in a court of competent jurisdiction, on a valid indictment and a plea thereto, has a jury sworn upon an issue and the jury is charged with the fate of the accused, that is, when the jury is sworn to try the issue upon the indictment and the plea thereto, *before the reading of the indictment or the introduction of testimony,* he is thus put in jeopardy. *Ward v. State*, 20 Tenn. 253; *Tomasson v. State*, 112 Tenn. 596, 79 S.W. 802, and many others." (emphasis added)

Thus, the law being clear as to the point when jeopardy attaches in a jury case, we are now called upon in this appeal to determine when it attaches in a nonjury case. The parties acknowledge that they have found no Tennessee authorities on the point

raised and in our research we have found none. For guidance, we look to authorities in other jurisdictions.

Many jurisdictions, even a majority perhaps, follow the rule that some testimony must be heard. Other jurisdictions have ruled that the stage of jeopardy is reached when the witnesses are sworn and that the hearing of testimony is not required.

In researching the question presented in this appeal, we find the following language in 22 C.J.S. Criminal Law § 241, at 639–40 (1961):

"If the trial is to the court without a jury, it is well settled that, for the purpose of determining when jeopardy attaches, the trial begins at the time of the commencement of the taking of testimony, that is, when the first witness is duly sworn, and, accordingly, in such a case, jeopardy begins after accused has been indicted, arraigned, and has pleaded, and the court has begun to hear the evidence, or the trial has begun by the reading of the indictment to the court. In the application of these principles it is assumed that there has been a plea of not guilty, and that the court has jurisdiction."

For authorities supporting the above propositions, see the cases cited under the foregoing section.

In the discussion and summary set forth in 49 A.L.R.3d 1039, 1041–43 (1973), it is readily apparent that there is a great divergence of opinion as to when jeopardy attaches in a nonjury case, in spite of the fact that many cases say the point is "well settled." We refer to this summary of the question and quote therefrom, as follows:

"Double jeopardy, a second 'exposure to danger,' is forbidden by the Fifth Amendment, and the prohibition is applied to the States through the Fourteenth Amendment. A person is said to be in legal jeopardy when he is put on trial before a court of competent jurisdiction on an indictment or information which is sufficient in form and substance to sustain a

conviction, and a jury has been charged with his deliverance.

"The law appears to be somewhat more equivocal, however, as to the question of when jeopardy attaches in a nonjury trial. While the phrase 'well settled' appears with some frequency in discussions of when jeopardy attaches in a nonjury trial, an examination of the cases indicates considerable divergence of opinion. The commencement of trial, the swearing of the first witness, the taking of testimony, and the hearing of evidence, have all been held to be the point at which jeopardy attaches. The New York courts have recognized at least two of the above rules.

"In some instances there appears to be an actual difference of view, but in others there seems to be merely a difference in phraseology. Repeatedly, the phrases stating the point at which jeopardy attaches are defined in terms of one another and are equated one to another when they need not be synonymous.

"A few courts have stated that jeopardy attaches in a nonjury trial when the trial has begun, seemingly an imprecise standard. In that connection, it has been stated that the trial begins when the first witness is sworn and also that the swearing of witnesses precedes the beginning of trial. Which, if either, of these views is adopted may depend on whether the witnesses are sworn one at a time as they are called to the stand, or as a group as soon as the case is called. In the latter case, the swearing of witnesses has been said to be an administrative procedure followed for the convenience of the court.

"A recent article construes the Model Penal Code to suggest that jeopardy should 'attach in all cases upon the swearing of the first witness, evidencing the belief that there should be no distinction between jury and nonjury trials.' This view, however, would also require a change in the time of attachment in a jury trial, since such time is now at the swearing of the jury, not at the swearing of the first witness.

"The introduction of testimony has also been said to be the point at which jeopardy attaches in a nonjury trial, and to be the equivalent of the swearing of the jury in a jury trial. It is, however, unclear whether the term 'taking of testimony' is meant by the courts to be different from the term 'taking of evidence.' It seems apparent that the receipt of evidence may precede the taking of testimony, and one case seems to indicate that testimony is taken when the first witness is sworn.

" 'When the court begins to hear evidence' is the term most often used to describe the point at which jeopardy attaches in a nonjury trial. One court has equated the commencement of the taking of evidence with the swearing of the first witness, but it has also been held that the two are different and that the words 'hearing of evidence' mean 'just what they state'—to actually hear evidence. Thus, in a situation where, after the witnesses had been sworn, a nolle prosequi was entered when the trial judge excluded certain testimony, it was held that jeopardy had not attached since no evidence had been heard. Jeopardy has been held to have attached and not to have attached in cases where jeopardy has been said to begin when evidence is heard. This difference in outcome may have resulted either from the fact that the stage reached in the trial was not the same in each case, or from the fact that the courts differed in their definition of 'hearing of evidence.'

"New York courts have held in some cases that jeopardy attaches, in a nonjury trial, when the first witness is sworn, in other cases that it attaches when the first evidence is heard, and in one case that the swearing of the first witness is the commencement of the taking of testimony. Consistent definition lacking, the New York law must be considered unsettled."

For authorities supporting the above propositions, see the cases annotated under the cited discussion.

The language and rationale of some of the cases which have addressed this issue strike us as being illogical. For instance, *Newman v. U. S.*, 133 U.S.App.D.C. 271, 410 F.2d 259 (1969), in holding that jeopardy attaches in a nonjury trial at the point when the court has begun to hear the evidence, states that there is a difference whether the witnesses are sworn all together or singly. What possible difference this could make is not pointed out, except that the court indicates that swearing witnesses in a group is for the convenience of the court. To us, this is a distinction without a difference.

The Supreme Court of Florida, in *Bernard v. State*, Fla., 261 So.2d 133 (1972), agreed with the *Newman* holding, and adopted the test that presentment of proof must begin. We note that when the *Bernard* case was before the Florida District Court of Appeals, 254 So.2d 38, 40 (1971), the dissenting judge took the position that the majority confused the taking of testimony with the taking of evidence. It was his conclusion that, "When the first witness is sworn, regardless of whether testimony has or has not been taken, *eo instanti* the trial judge begins to take note of the evidence and jeopardy attaches." Evidently, he felt that the defendant's motion to exclude testimony and the subsequent sustaining of this motion was in effect, the offering of evidence.

In *Jones v. State*, 17 Md.App. 504, 506, 302 A.2d 638, 639–40 (1973), the court stated without further clarification, that:

"The double jeopardy claim of the Fifth Amendment is applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 23 L.Ed.2d 707. The constitutional policies underpinning the Fifth Amendment's guarantees are implicated when an accused in a criminal proceeding is put on trial before the trier of fact, whether the trier be a jury or a judge. *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199; *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 93 L.Ed. 974."

In a later decision, the Maryland court clarified "put on trial" to mean when the first witness is sworn. See *Blondes v. State*, 19 Md.App. 714, 733–34, 314 A.2d 746, 758–59 (1974). In this case, the Maryland court, in holding that jeopardy attaches in a bench trial when the first witness is sworn, regardless of whether any testimony is heard or not, said:

"With respect to a non-jury trial, the law is more equivocal as to the time when jeopardy attaches. In addition to the imprecise standard of 'the commencement of trial', the cases refer to 'the swearing of the first witness' or 'the introduction of testimony', or 'the hearing of evidence'. In some cases these three phrases seem to be treated as synonymous. In others there appears to be an effort to distinguish them. When the witness takes the oath, he is sworn; when he gives his name and address, testimony is introduced; when he testifies on the merits, evidence is heard. The majority of the cases couch the rule in terms of the hearing of evidence.

(Citations omitted)

"Whether there be a real distinction in the various wordings of the rule or not, we think that the rule is best expressed, as to a non-jury trial, in terms of the swearing of the first witness. This, it appears to us, is least subject to uncertainty, and requires little interpretation or construction. Under such terms, the time jeopardy attaches begins as mechanically as when the jury is sworn. Therefore we adopt as the rule with respect to a non-jury trial, that the indictment, information or charging document having been brought to trial on the general issue, jeopardy attaches when the first witness is sworn."

In Indiana, the courts have stated that jeopardy attaches "when a trial commenc-

es" before a judge or jury. In *Crim v. State*, Ind.App., 294 N.E.2d 822, 828 (1973) that court said:

> "It is elementary under both the Indiana and Federal Constitutions and cases that jeopardy attaches when a criminal trial commences before a judge or jury and this point has arrived when a jury has been selected and sworn even though no evidence has been taken."

While the *Crim* case involved a jury trial situation, it laid the foundation for a subsequent Indiana case, *Loza v. State*, Ind.App., 316 N.E.2d 678, 681 (1974), which stated that jeopardy attaches in a trial to the court "when the trial has commenced, i. e., when the first witness is sworn."

California is another state which follows the rule that jeopardy attaches in a bench trial when the first witness is sworn. In *People v. Upshaw*, 117 Cal.Rptr. 668, 670–71, 528 P.2d 756, 758–59 (1974), the Supreme Court of California stated the rule and cited its predecessor authorities as follows:

> "A person is in legal jeopardy for an offense when placed on trial on a valid accusatory pleading before a competent court with a jury duly impaneled and sworn; or, if the trial is by the court, when the trial is 'entered upon.' (*Richard M. v. Superior Court* (1971) 4 Cal.3d 370, 376, 93 Cal.Rptr. 752, 482 P.2d 664; *People v. Hernandez* (1967) 250 Cal. App.2d 842, 848, 58 Cal.Rptr. 835.) A court trial is 'entered upon' when the first witness is sworn. (*Richard M. v. Superior Court*, supra; *People v. Sturdy* (1965) 235 Cal.App.2d 306, 314, 45 Cal. Rptr. 203.)"

See also, *People v. Ayala*, 138 Cal.App.2d 243, 291 P.2d 517 (1956), for a similar ruling.

The Louisiana Supreme Court, in the case of *State v. Yokum*, 155 La. 846, 99 So. 621, 625 (1923), also applied the "witness sworn" test, and said:

> "In the case at bar, the accused was not tried before a jury for manufacturing intoxicating liquor for beverage purposes. He could not have been constitutionally tried in that manner. However, the general principle is the same, whether the case is tried by the court with or without a jury. We therefore feel safe in holding that jeopardy attaches under section 9 of article 1 of the Constitution of 1921, when the case is tried by the court without a jury, the moment it is called for trial, and the trial has begun by the reading of the indictment to the court, or, when that instrument is not formally read to the court, when the first witness is sworn."

In those cases which hold that some testimony must be presented, we find no logical reason stated as to why this should be required. As heretofore stated, our Tennessee cases hold that the hearing of testimony is not a prerequisite to the attachment of jeopardy in a jury case. We see no reason for a different rule in a nonjury case.

In *State v. Coats*, 17 N.C.App. 407, 194 S.E.2d 366, 371 (1973), that court said:

> "The general rule is that jeopardy attaches when a defendant in a criminal prosecution is placed on trial (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been impaneled and sworn to make true deliverance in the case."

After stating the above proposition, the court in the *Coats* case proceeded to hold that a duly elected and qualified judge sitting as the trier of facts was in the same position as a duly sworn and impaneled jury, and satisfied requirement no. "5," quoted above.

The United States Supreme Court equates the role of a judge at a bench trial with that of a jury, at a jury trial. *United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 1011, 43 L.Ed.2d 250, 257 (1975). In that case the court said:

> "Since the Double Jeopardy Clause of the Fifth Amendment nowhere distinguishes

between bench and jury trials, the principles given expression through that Clause apply to cases tried to a judge."

In *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971), the Supreme Court, in discussing the question of double jeopardy and comparing the judge at a bench trial with that of a jury, said:

"The Fifth Amendment's prohibition against placing a defendant 'twice in jeopardy' represents a constitutional policy of finality for the defendant's benefit in federal criminal proceedings. A power in government to subject the individual to repeated prosecutions for the same offense would cut deeply into the framework of procedural protections which the Constitution establishes for the conduct of a criminal trial. And society's awareness of the heavy personal strain which a criminal trial represents for the individual defendant is manifested in the willingness to limit the Government to a single criminal proceeding to vindicate its very vital interest in enforcement of criminal laws. Both of these considerations are expressed in *Green v. United States*, 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957), where the Court noted that the policy underlying this provision 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' *These considerations have led this Court to conclude that a defendant is placed in jeopardy in a criminal proceeding once the defendant is put to trial before the trier of the facts, whether the trier be a jury or a judge.* (emphasis added). See *Green v. United States*, supra [355 U.S.], at 188, 78 S.Ct. at 223; *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949)."

We agree with the comparisons made in the cases of *Coats, Jenkins*, and *Jorn*. To us, it is logical and compelling that the judge's role at a bench trial be considered the same as the jurors' role at a jury trial. Each, when so sitting, is acting as the trier of the facts. If the hearing of testimony is not a prerequisite to the attachment of jeopardy in a jury trial, we see no reason why it be required in a nonjury trial.

In *Rosser v. Commonwealth*, 159 Va. 1028, 167 S.E. 257 (1933), the court held that when testimony is introduced in a nonjury case, it is equivalent to swearing of the jurors in a jury trial. Again, we do not see the logic in equating the swearing of jurors in a jury trial with the hearing of testimony in a nonjury trial. In our opinion, there is no basis for such an analogy or comparison.

After reviewing the case law in other jurisdictions which have considered this issue, we think the "swearing of the witness or witnesses" test is the better rule to apply. Our reasons for so holding is that the "hearing of evidence" test and other such formulations are open to much speculation, conjecture, and various interpretations. The time at which jeopardy attaches in any given case should not be left open to dispute. It should be stated exactly and unequivocally. Tennessee has formulated an exact rule as to when jeopardy attaches in a jury trial. It is equally important to formulate an exact rule for a nonjury trial. We now do so by expressly holding that jeopardy attaches in a nonjury trial when a defendant is placed on trial (1) on an indictment, presentment (or other charging instrument), (2) before a court of competent jurisdiction, (3) before a competent judge who is present and ready to sit as a trier of the facts, (4) after a valid waiver is executed by the defendant, (5) after the entry of his plea, and (6) after the witnesses are sworn, whether they be sworn singly or in a group. We further specifically hold that if

the above factors are present, then the hearing of testimony is not a prerequisite to the attachment of jeopardy.

 In applying the foregoing rule to the case, *sub judice*, we find that all of the criteria set forth are present. The Sessions Court, before which the defendant was initially tried, was duly exercising the jurisdiction conferred on it by the Private Acts of Tennessee, 1949, Chapter 285; the defendant Daniels was charged in a warrant sufficient in form and substance; he waived his right to be tried only by indictment or presentment, likewise waiving a jury trial; his plea was entered, and the witnesses were sworn; and the judge, acting the same as an impaneled and sworn jury, was ready to hear the case. Thus, the trial had commenced and at that stage the prosecuting officer moved to dismiss his case. Under these facts we conclude that jeopardy had attached.

The warrant involved herein, since it was the instrument upon which the prosecution proceeded, must be considered analogous to an indictment or presentment. The defendant went to trial on that instrument, and after availing himself of his constitutional and statutory rights, the case was dismissed at the instigation of his prosecutor, without the permission of and over the objection of the defendant. In our view, the officer had his opportunity to prosecute the defendant at that time, and no other. Once the officer voluntarily surrendered his case, he was precluded from reinstituting the action by way of a new and separate prosecution.

Obviously, the inescapable inference to be drawn in the instant case is that had the defendant entered a plea of guilty, the officer would have allowed the case to proceed to a conclusion. However, when the defendant exercised his right to plead not guilty, the officer attempted to "punish" him by dismissing the case, and thereafter by way of a presentment, attempted to once more prosecute the defendant for the same offense.

Such avenues of potential abuse and harassment against our citizenry cannot be permitted or tolerated. In *King v. State, supra,* the court stated that the double jeopardy clause of Tennessee's Constitution "is not merely protection from punishment for an offense of which the defendant has been once acquitted, but protection from 'successive harassing prosecutions for a single offense.'" The right not to be harassed by successive prosecutions in the same case and the right not to be placed in jeopardy a second time for the same offense is as important as the right of trial by jury. Such rights are and should be safeguarded with equal diligence and care.

Therefore, for the reasons stated, we hold that the trial judge was correct in sustaining the defendant's plea of double jeopardy. We affirm his dismissal of the presentment.

WALKER, P. J., and RUSSELL, J., concur.