**STATE of Tennessee, Appellant,**

v.

**Dale KIRKLAND, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 5, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Roe Ellen Coleman, Asst. Dist. Atty. Gen., Nashville, for appellant.

Franklin D. Brabson, Thomas Watson, Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal by the State from a judgment in the Davidson County Criminal Court denying the State's motion to amend, and dismissing the indictment with prejudice.

In May, 1983 the Davidson County Grand Jury indicted Dale Kirkland for larceny and concealment of "one (1) 800 *Diesel* line carburetor". On September 12, 1983, before jury selection for the trial of these offenses had begun, the State moved to amend the indictments to read "one (1) 800 *dual* line carburetor" or, in the alternative "one (1) carburetor". The State also proposed a continuance to allow defendant to adjust his defense to meet this change.

Finding the proposed change would alter the nature of the offense by materially changing the description of the allegedly stolen property, the trial court denied the motion, and instructed the State to proceed or the indictment would be dismissed. The State declined to proceed, and the trial court dismissed the indictment with prejudice, giving the State permission to appeal.

The State argues the trial court erred in failing to allow the amendment and in precluding re-indictment.

Where the defendant has not consented, the trial court may permit amendment of an indictment if no additional or different offense is charged, no substantial rights of the defendant are prejudiced, and jeopardy has not attached. Rule 7(b), Tenn.R.Crim.P.; *State v. Hensley*, 656 S.W.2d 410, 413 (Tenn.Cr.App.1983). It is the substance, rather than the form of an indictment which is determinative. *State v. Moss*, 662 S.W.2d 590, 592 (Tenn.1984). It was not absolutely necessary that the carburetor be described with such particularity, but, having done so, the State must prove those particulars, or there will be a variance. A material variance between the allegations of the indictment and the proof entitles the accused to an acquittal on the particular indictment, but he is still liable to be tried for his crime, and the two prosecutions are separate as a matter of law. *State v. Brooks*, 462 S.W.2d 491, 493 (Tenn. 1970), cert dismissed; *Duncan v. Tennessee*, 405 U.S. 127, 92 S.Ct. 785, 31 L.Ed.2d 86 (1972); *Martin v. State*, 542 S.W.2d 638, 641 (Tenn.Cr.App.1976); *Wilson v. State*, 292 S.W.2d 188, 189, 200 Tenn. 309 (1956).

It being a matter of discretion with the trial court to grant or deny an amendment to an indictment we are not disposed to say there was an abuse of that discretion in this case and we affirm that part of the judgment below.

 With respect to the trial court's preclusion of re-indictment, we have not been cited to any authority, and we know of none, to place the determination to re-indict in the hands of the trial judge. We find no legal impediment under these circumstances to the resubmission and return of new indictments. To the contrary, the law appears to be otherwise. Numerous cases hold that a new indictment may be found and substituted for a first, defective indictment. Were it not so, there would be no correction of defects in indictments, and those accused would be discharged and never tried on the merits of a crime. *State v. Knight*, 616 S.W.2d 593, 596 (Tenn.1981); *State v. Campbell*, 641 S.W.2d 890, 892 (Tenn.1982); *Murff v. State*, 425 S.W.2d 286, 288, 221 Tenn. 111 (1967); *Holder v. State*, 227 S.W. 441, 412, 143 Tenn. 229 (1921). We find the trial court had no authority to assign prejudice to the dismissal. It is for the District Attorney General to determine whether this case should be resubmitted to the grand jury and prosecuted if an indictment is returned.

So much of the trial court's order dismissing the indictment in the case with prejudice is set aside and held for naught.

The judgment as modified is affirmed.

WALKER, P.J., and BYERS, J., concur.