**STATE of Tennessee, Petitioner,**

v.

**Benny Joe SLUDER, Respondent.**

Supreme Court of Tennessee.

April 2, 1973.

Rehearing Denied May 7, 1973.

David M. Pack, Atty. Gen. of Tenn., Bart Durham, Asst. Atty. Gen. of Tenn., Thomas E. Fox, Deputy Atty. Gen. of Tenn., Nashville, Ronald A. Webster, Dist. Atty. Gen., Knoxville, for petitioner.

Donald R. Coffey, Robert E. Pryor, Knoxville, for respondent.

## OPINION

CHATTIN, Justice.

Sluder was convicted of being an habitual criminal and sentenced to imprisonment for life. The Court of Criminal Appeals reversed and dismissed the case on the ground the trial judge should have sustained Sluder's plea of former jeopardy. We granted the State's petition for certiorari.

On February 26, 1970, indictment No. 3869 was returned by the Knox County grand jury charging Sluder with burglary, larceny of two watches, three rings and a quantity of money all over the value of $100.00; receiving stolen property and a fourth count for concealing stolen property.

Arraignment was set for April 8, 1970, at which time the following occurred:

"THE COURT: All right, the Court will let you waive the entry of your plea and set this case for trial  .  .  .  .

"MR. COFFEY: We are ready to plead to this indictment today.

"THE COURT: All right, read the indictment to him, General.

"THEREUPON, THE INDICTMENT WAS READ TO THE DEFENDANT.

"THE COURT: How does he plead to the indictment?

"MR. COFFEY: The defendant pleads guilty to the indictment, Number 3869, your Honor.

"THE COURT: Pleads guilty?

"MR. COFFEY: Yes, your Honor.

"THE COURT: Well, I have to have a jury.

"MR. COFFEY: We will waive the jury.

"GEN. WEBSTER: We can't waive the jury, your Honor.

"THE COURT: If the State won't agree, I can't. If the State will agree with you, I'll proceed, but I have to have both agreements to waive the jury.

"GEN. WEBSTER: I might also inform the Court, for the record, that if necessary, the State will swear out a habitual criminal warrant against this man and have proper preliminary hearing in processing the case as provided by law.

"THE COURT: I understand you have already presented proof to the Grand Jury.

"GEN. WEBSTER: We are doing it, your Honor, but I don't think I can put a hold on him on that count unless I had

. . . .

"THE COURT: Well, he's not going anywhere. He's pleading guilty to this matter. All right, gentlemen, the Court will set this case up for submission on April 22nd. Subpoena the witnesses in for this case on April 22nd. Let the record show in case number 3869, that the defendant appeared with his counsel, the indictment was read, and he entered a plea of guilty, and the case is set for submission on April 22, 1970.

"Thereupon the trial court made and entered the following order:

The State
   vs
Benny Joe Sluder, Alias

No. 3869
Burg. LAR.,
RSP, CSP

Came the Attorney General for the State, also defendant in proper person, having counsel present and upon being arraiged (sic) and hearing the indictment read for plea thereto, the defendant says he is GUILTY. This case is hereby set for submission on April 22nd, 1970."

The Court of Criminal Appeals correctly held the State was within its rights in excepting to a waiver of the jury for fixing punishment on Sluder's plea of guilty. T.C.A. Section 40–2504.

However, a jury was not impaneled on April 22, 1970, or at any other time, to fix punishment upon Sluder's plea of guilty to indictment 3869.

The record shows the trial judge, after a hearing on May 15, 1970, sustained the State's motion to enter a nolle prosequi order as to indictment 3869. Sluder excepted to this action of the Court on the alleged ground that when he pled guilty to indictment 3869 and the same was entered on the record he was placed in jeopardy.

On June 8, 1970, the indictment upon which Sluder was convicted of being an habitual criminal was returned charging him with the same offenses that were charged in indictment 3869 with an additional count charging him as being a habitual criminal.

In reversing and dismissing the conviction, the Court of Criminal Appeals said:

"It is fundamental that no person may be subjected to jeopardy of life or limb for the same offense. Amendment 5, Constitution of the United States; Article 1, Section 10, Constitution of Tennessee. Whether the defendant's plea of former jeopardy is well taken depends, of course, upon whether he was placed in jeopardy in the constitutional sense by entering his plea of guilty to indictment 3869, which, as above shown, the trial judge accepted and recorded upon the minutes. It is our judgment that jeopardy attached at that time and that the defendant's plea of former jeopardy must be sustained."

The Court of Criminal Appeals relied upon the following in so holding:

"'A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence.'" Brooks v. State,

187 Tenn. 67, 213 S.W.2d 7 (1945); State v. Henderson, 220 Tenn. 719, 423 S.W.2d 497 (1968).

In other words, a plea of guilty, dispenses with the requirement of evidence of guilt. State v. Henderson, supra.

In Holt v. State, 160 Tenn. 366, 24 S.W. 2d 886 (1929), the Court said:

"One accused of crime is in jeopardy when put to trial in a court of competent jurisdiction, upon a valid indictment, before a jury sworn to try the issues and make deliverance. Green v. State, 147 Tenn. 299, 247 S.W. 84. Jeopardy signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when duly put to trial before a court of competent jurisdiction. 8 R.C.L. p. 133. The rule is designed to protect the individual, obnoxious to the government, from successive harassing prosecutions for a single offense. It might properly be called a rule designed to encourage repose and peace."

We are of the opinion the Court of Criminal Appeals was in error in holding Sluder's plea of guilty, having been recorded on the minutes, was thereby accepted by the trial judge and ipso facto placed him in jeopardy regardless of any further action by the court upon the plea.

In view of T.C.A. Section 40–2310, when the punishment is confinement in the penitentiary, the trial judge alone cannot accept a plea of guilty which would place a defendant in jeopardy because a jury can only assess the punishment. It is not the plea itself but the impaneling and swearing of a jury to fix the punishment that amounts to jeopardy. Holt v. State, supra.

In other words, the entry of a plea of guilty in and of itself is not a bar to a subsequent prosecution for the same or higher offense without some judicial action upon the plea in a judicial sense.

It is true the plea was entered on the minutes but no further action was taken by the court on the plea. Instead of accepting the plea and impaneling a jury to fix punishment, the trial judge granted the State's motion to nolle prosequi the case. Thus, Sluder was not placed in jeopardy of punishment.

"A nolle prosequi is a discharge without acquittal, and can be awarded only by the Attorney General and the court. It being a discharge, it is necessarily a termination of the particular prosecution, although it is not a bar to a subsequent prosecution, unless it shall be entered after the defendant had been put to trial upon a valid indictment before a jury duly sworn and impaneled." Scheibler v. Steinburg, 129 Tenn. 614, 167 S. W. 866 (1914); Hobbs v. Murrell, 170 Tenn. 152, 93 S.W.2d 628 (1936).

"The essential element of a valid plea of double jeopardy is that the record should disclose that the defendant was lawfully convicted or acquitted of the offense for which he was indicted and called upon to answer." Bell v. State, 220 Tenn. 685, 423 S.W.2d 482 (1968).

The record only shows the indictment was discharged by the trial judge in granting the State's motion to nolle prosequi the case.

The plea was not acted upon by the court and jury as required by T.C.A. Section 40–2310. Accordingly, Sluder was not placed in jeopardy in the constitutional sense.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is affirmed.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Judge, concur.

## ON PETITION TO REHEAR

CHATTIN, Justice.

Respondent has filed an earnest petition to rehear. Respondent insists we overlooked the case of Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635 (1967).

Edmondson was sentenced to five years imprisonment after entering a plea of guilty and a waiver of a jury trial under T.C.A. Section 40–2310.

Some time later he filed a petition for the writ of habeas corpus insisting no evidence was offered before a jury by the State to fix his punishment contrary to T.C.A. Section 40–2310.

This Court held Edmondson waived his rights under T.C.A. Section 40–2310 by permitting a judgment of conviction upon his plea of guilty to become final and did not thereafter exhaust his right to appellate remedies.

In the case at bar, respondent's plea was not accepted and acted upon by the trial judge. Thus, the cited case is not in point.

The petition is denied.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.