UNITED STATES of America, Plaintiff,

v.

**Allen MUNROE, Defendant.**

**No. CR-2-80-6.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 15, 1980.

John H. Cary, U. S. Atty., Knoxville, Tenn., by Guy Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Robert W. Ritchie, Knoxville, Tenn., for defendant.

## BENCH OPINION

NEESE, District Judge.

The parties have announced that the defendant Mr. Munroe has entered his pleas of guilty to counts 1 and 2 of the 8 counts of the indictment in this action as a part of an agreement and that, in exchange therefor, the prosecution has agreed that a fine in the aggregate amount of $3,000, a suspension of the imposition of sentence on both counts, placing the defendant on probation for 3 years during which he would perform suitable community service 2 days each month and requiring the fine to be paid at the rate of $1,000 a year, and dismissal of counts 3 through 8, inclusive, is the appropriate disposition of this case. Rule 11(e)(1)(C), Federal Rules of Criminal Procedure. The Court deferred decision as to the acceptance or rejection of that bargain until there was opportunity to consider the presentence report. Rule 11(e)(2), Federal Rules of Criminal Procedure.

The standards of the American Bar Association relating to pleas of guilty by negotiated agreements include 6 situations in which it is deemed proper for the Court to grant sentence concessions to defendants who enter pleas of guilty or nolo contendere if the interest of the public in the effective administration of criminal justice would thereby be served. ABA Standards Relating to Pleas of Guilty, § 1.8(a). The only 3 of those listed situations which appear to be present here are that Mr. Munroe has, by his pleas, aided in avoiding delay in the

disposition of other cases and thereby has increased the probability of prompt and certain application of correctional measures to other offenders; that Mr. Munroe, by his pleas, has aided in ensuring the prompt and certain application of correctional measures to himself; and that the defendant has acknowledged his guilt and shown a willingness to assume responsibility for his conduct.

The United States attorney of this district seems to have added an additional standard for the consideration of the government in deciding whether to bargain for guilty pleas in this district; it was announced in his behalf that a consideration in his entering into the bargain with Mr. Munroe in this matter was the conclusion, after long and careful investigation, that Mr. Munroe had no motive to benefit personally from the scheme and artifice which he devised to defraud the factor for his company out of more than $1,000,000 over a period of time extending over more than 4 months, at a time when dozens of employees of Mr. Munroe's company knew of his fraudulent activities, solely for the purpose of keeping his company operational.

 Except as Mr. Munroe's motive may have had some bearing on his intent to violate the law, his motive was immaterial when what he did was against the law and should have been given no consideration by the prosecution. This was made clear long ago by the late Mr. Justice McKenna in an antitrust case against a corporation, *Standard Sanitary Mfg. Co. v. United States*, (1912), 226 U.S. 20, 49, 33 S.Ct. 9, 15, 57 L.Ed. 107, 118. Mr. Justice McKenna observed that the law is its *own* measure of what is right and what is wrong, and, when something is against the law, the policy of the law is not to be accommodated to the good intentions (or motive) of the parties involved, even where good results followed their unlawful activities.

 Plea-bargaining is permitted by our rules and tolerated by our courts. I propose to encourage its use. *Santobello v. New York* (1971), 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427, 432[3]; *Blackledge v. Allison* (1977), 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136, 145; *Bodenkircher v. Hayes*, (1976), 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 611[4]. Obviously, the greatest encouragement of its use would be to accept every bargain which is announced. I can do that, of course, only as I am satisfied, after having reviewed thoroughly all the relevant factors, that the rights of the defendant are protected and that the interest of the public in the effective administration of criminal justice will be served by the acceptance of the plea agreement. *United States v. Gallington*, C.A.8th (1973), 488 F.2d 637, 640[4], certiorari denied (1974), 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112.

 In other words, I visualize my obligation to be to supervise the fairness of the bargain, *Scott v. United States*, C.A. D.C. (1969), 419 F.2d 264, 275[11], and I shall intervene in a bargain arranged between the prosecution and a defendant only when I conclude the bargain exceeds proper bounds. *Ibid.*, 419 F.2d at 280–281. Among many others, one sound reason which has been given for a judge's rejection of a plea bargain is that the result will be the defendant's receiving too light a sentence under the circumstances of the case.* *United States v. Bean*, C.A.5th (1977), 564 F.2d 700, 704[5]. However, it is not required that a judge give any reason for the rejection of a plea agreement, *ibid.*, 564 F.2d at 702–703[2]; Notes of Advisory Committed on 1974 amendments to Rule 11, *supra; contra: United States v. Gallington, supra*, 488 F.2d at 640[4], and I give no reason now.

 I have been extremely guarded in my decision to assure that my personal view of what the law ought to be with respect to plea-bargaining played no part in it. I am confident that it has played no part. The plea agreement of the prosecution and Mr. Munroe is REJECTED. The parties are so

---

* 54% of the persons convicted of the offense of which Mr. Munroe says he is guilty were sentenced to terms of incarceration which averaged 51 months in the year ended in mid-1978.

informed on the record. Mr. Munroe: you are advised personally in open court that the Court is not bound by the plea agreement entered into; you will now be given the opportunity to withdraw your pleas of guilty to counts 1 and 2 of the indictment; and I advise you furthermore that, if you persist in your guilty pleas to counts 1 and 2 of the indictment, the disposition of your case may be less favorable to you than that which was contemplated by the plea agreement into which you entered. Rule 11(e)(4), Federal Rules of Criminal Procedure.