STATE of Tennessee, Appellant,

v.

Mike TODD, Appellee.

Supreme Court of Tennessee,
at Jackson.

June 13, 1983.

Opinion on Petition to Rehear
July 25, 1983.

Gordon W. Smith, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., and Reporter, Nashville, for appellant.

George Morton Googe, Jackson, for appellee.

OPINION

COOPER, Justice.

In this appeal the state challenges the holding of the Court of Criminal Appeals that defendant's second degree murder conviction violated the constitutional prohibition against double jeopardy. The conviction was from the death of defendant's nineteen month old stepson which resulted from a head injury inflicted by defendant.

Defendant was indicted for second degree murder. An agreement was entered with the state in which defendant was to plead guilty to voluntary manslaughter with a sentence of not less than three years or more than ten years. The plea agreement, defendant's motion that the plea be accepted, and a recommendation by the district attorney that the charge be reduced to voluntary manslaughter because of the state's inability to prove malice were submitted to the trial court. The trial judge announced that he had read the submitted documents and would "go along with reduction of the sentence to voluntary manslaughter, but ... not with the punishment on plea negotiation."

After renegotiation the plea was resubmitted with a recommended punishment of four to ten years, the statutory maximum for voluntary manslaughter. T.C.A. §§ 39–2–222, 40–20–107(a). The judge still considered the tendered punishment to be unacceptable. When he was informed that the proffered punishment was the maximum permitted by law the judge rejected the plea agreement and ordered defendant to stand trial for second degree murder.

During the plea hearing the judge had signed an order reducing the charge against defendant to voluntary manslaughter. The order was not entered on the minutes of the court, but was given to the district attorney general and the trial judge "turn[ed] the whole thing down." On the day of the trial, the defendant moved to have the district attorney general file the order so that it could be included in and made a part of the record in this cause. Several months later, and after defendant's notice of appeal had been filed, the trial judge granted the motion and entered an order *nunc pro tunc* as of the trial date.

Defendant insisted, and the Court of Criminal Appeals agreed, that he had been placed in jeopardy on the voluntary manslaughter charge and could not thereafter be tried for second degree murder. The court held that the trial judge accepted defendant's plea to the voluntary manslaughter charge when he ordered the charge reduced. While we agree that acceptance of defendant's plea on the manslaughter charge would be tantamount to a conviction (*see Brooks v. State,* 187 Tenn. 67, 213 S.W.2d 7, (1948)) and would bar defendant's subsequent prosecution on the greater second degree murder charge (*see Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)). We cannot agree that the trial court accepted defendant's plea.

■ The double jeopardy provision of the federal and state constitutions protects a defendant against reprosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89·S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The policy of the provision is that the state should not be permitted to utilize all of its power and resources in repeated attempts to convict a defendant of the same offense, subjecting him again to the "embarrassment, expense and ordeal" of trial as well as the increased risk of conviction. *Green v. United States,* 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). To raise a double jeopardy objection it is fundamental that a defendant must have been previously placed in jeopardy on the charge, *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975); *Delay v. State,* 563 S.W.2d 905, 906 (Tenn.Cr.App.1977). Without the risk of a determination of defendant's guilt, jeopardy does not attach so that an appeal or further prosecution constitutes double jeopardy. *Serfass* 420 U.S. at 391–92, 95 S.Ct. at 1064. Where one is in direct peril of being convicted and punished a second prosecution is barred. *Green,* 355 U.S. at 190, 78 S.Ct. at 225.

■ Mere arraignment and pleading does not place a defendant in jeopardy. *Bassing v. Cady,* 208 U.S. 386, 391–92, 28 S.Ct. 392, 393, 52 L.Ed. 540 (1908). *See also United States v. Martin Linen Supply Co.,* 485 F.2d 1143, 1147, *cert. denied,* 415 U.S. 915, 94 S.Ct. 1412, 39 L.Ed.2d 470 (5th Cir. 1973). Jeopardy only attaches when a defendant is put to trial before the trier of fact. *United States v. Patrick,* 532 F.2d 142, 145 (9th Cir.1976). Thus, a court may receive evidence on and determine preliminary matters without jeopardy attaching. *Patrick* at 146; *United States v. Hill,* 473 F.2d 759, 763 (9th Cir.1972). The mere "entry of a plea of guilty in and of itself is not a bar to a subsequent prosecution for the same or higher offense without some judicial action upon the plea." *State v. Sluder,* 493 S.W.2d 467, 470 (Tenn.) *cert. denied,* 414 U.S. 876, 94 S.Ct. 85, 38 L.Ed.2d 121 (1973). If the rule were otherwise jeopardy would attach at every *Mackey* hearing and the court would be bound to accept every plea agreement submitted to it. *See State v. Mackey,* 553 S.W.2d 337 (Tenn.1977). The

double jeopardy provision, however, makes a verdict of acquittal final and nonreviewable even though based on an erroneous foundation. *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962); *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1895). Acquittal is final and bars reprosecution although not followed by judgment. *Green,* 355 U.S. at 188, 78 S.Ct. at 223. There can be no acquittal, however, until jeopardy attaches. *United States v. Lasater,* 535 F.2d 1041, 1047 (8th Cir.1976).

 Jeopardy attaches in a jury case when a defendant is put to trial before a court of competent jurisdiction, upon a sufficient indictment and the jury is impaneled and sworn. *Etter v. State,* 185 Tenn. 218, 205 S.W.2d 1, 3 (1947). In a nonjury trial, as in this case, jeopardy attaches

> when a defendant is placed on trial (1) on an indictment, presentment (or other charging instrument), (2) before a court of competent jurisdiction, (3) before a competent judge who is present and ready to sit as a trier of the facts, (4) after a valid waiver is executed by the defendant, (5) after the entry of his plea, and (6) after the witnesses are sworn, whether they be sworn singly or in a group.

*State v. Daniels,* 531 S.W.2d 795, 801 (Tenn. Cr.App.1975). Where these factors are present hearing testimony is not required for jeopardy to attach. *Daniels.* The question presented here is whether a defendant is "placed on trial" in a plea hearing prior to the court's acceptance of the plea.

 By a plea agreement a defendant admits commission of the specified offense and consents to entry of a conviction and receipt of the agreed upon punishment without a trial. The trial judge may accept or reject the plea agreement in the exercise of his discretion. Tenn.R.Crim.P. 11; *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). If the agreement is accepted the terms of the agreement become binding and enforceable. *See Santobello.* If the plea agreement is rejected the judge must give the defendant

an opportunity to withdraw his guilty plea. Tenn.R.Crim.P. 11(c)(4). One valid reason for rejecting a plea agreement is that the proposed sentence is considered too lenient under the circumstances. *United States v. Munroe,* 493 F.Supp. 134, 136 (E.D.Tenn. 1980). While plea bargaining may be mutually advantageous to a defendant and the state (*see Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), a prerequisite to the effectiveness and enforceability of a plea agreement is its approval by the court. *See Metheny v. State,* 589 S.W.2d 943, 945 (Tenn.Cr.App.1979) *cert. denied,* 445 U.S. 967, 100 S.Ct. 1658, 64 L.Ed.2d 243 (1980). Moreover, the trial court's approval is required to effect a reduction of a class X felony charge such as second degree murder. T.C.A. §§ 8–7–103(21), 39–1–702. This plea agreement never became effective because the court never granted defendant's motion that the agreement be accepted. *See United States v. White,* 583 F.2d 819, 826 (6th Cir.1978). Moreover, the trial judge could not have properly accepted defendant's plea prior to compliance with *State v. Mackey.*

 Here the district attorney proposed that the second degree murder charge be reduced to voluntary manslaughter, stating that the prosecution could not prove that defendant acted with malice. The district attorney's certificate was submitted in connection with defendant's plea to voluntary manslaughter. At the plea hearing the judge indicated his willingness to go along with the reduction of the charge as a first step toward accepting the plea agreement. The trial court never sanctioned the plea agreement, however, because no agreement on the punishment aspect could be reached. In context it seems to us that the trial court did not adjudicate the matter on the merits or make a factual determination that defendant was not guilty of second degree murder but was guilty of voluntary manslaughter. The court was merely adhering to the statutorily prescribed procedure for reducing the class X felony for which defendant was indicted as an adjunct of a plea agreement.

■ We feel constrained to hold, in accordance with the majority of courts that have decided the issue, that jeopardy does not attach at a hearing on a guilty plea until the plea is unconditionally accepted. *See, e.g., Jeffrey v. District Court, Eighth Judicial District,* 626 P.2d 631, 636 (Col. 1981); *Odoms v. State,* 359 So.2d 1162, 1164 (Ala.Cr.App.1978); *Stowers v. State,* 266 Ind. 403, 363 N.E.2d 978, 982 (1977). Because defendant's plea was never accepted, jeopardy never attached and the trial court, therefore, was not prohibited by the double jeopardy clause from revoking its preliminary determination to reduce the charge as part of the plea negotiations. Until a final judgment is entered a court is free to reject the plea and plea agreement. *United States v. Sanchez,* 609 F.2d 761, 763 (5th Cir.1980). Rejection of one is rejection of the other. Where, as in this case, a court agrees to reduce a charge in order to facilitate a guilty plea but the plea is never accepted, trial on the original, greater charge is not prohibited by the double jeopardy clause.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated. Costs are adjudged against appellee.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.

COOPER, Justice.

### ON PETITION TO REHEAR

Michael Todd has filed a petition to rehear taking issue with this court's statement that the defendant moved, on the day of trial, to have the district attorney general file the order signed by the trial judge reducing the charge against defendant to voluntary manslaughter. Defendant points out that counsel earlier had filed a written motion seeking this relief. It is true that counsel filed a written motion prior to trial, but counsel made no effort to have the court rule on the motion until the day of trial. Neither did counsel submit an order to the court granting the motion until after defendant's notice of appeal had been filed.

This was several months after trial and, consequently, the trial judge entered the order *nunc pro tunc.*

Defendant also takes issue with this court's determination that the trial judge did not unconditionally accept defendant's plea to the reduced charge of voluntary manslaughter. Out of deference to counsel, and in the interest of justice, we have again studied the record and briefs of the parties. We see no basis in the record for reversing our finding on this issue.

■ Appellant also has called the court's attention to the fact that the Court of Criminal Appeals pretermitted two issues which the defendant deems to be important and asks for a remand to that court for a determination of the issues in the event this court found no merit in the primary issues raised by the petition to rehear. The defendant is entitled to this relief. Accordingly, the judgment of this court is modified to provide for remand of the case to the Court of Criminal Appeals for consideration of the pretermitted issues. The petition to rehear is in all other things denied. Costs of the petition to rehear are adjudged against petitioner.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.