**STATE of Tennessee, Appellant,**

v.

**James D. HULSE, Appellee.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Dec. 28, 1989.

Robert L. Randall, Jr., Jonesborough, for appellee.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen.,

Nashville, David E. Crockett, Dist. Atty. Gen., William R. Mooney, Teresa K. Murray, Asst. Dist. Attys. Gen., Johnson City, for State of Tenn.

## OPINION

WADE, Judge.

The state appeals an order of the Washington County Circuit Court dismissing the second of a two count indictment charging the defendant with second offense driving under the influence.

The issue presented for review is whether the trial court improperly concluded that the prior DUI conviction was facially invalid and, therefore, the evidence of guilt insufficient. As a preliminary issue, the state claims that our court has jurisdiction to entertain their appeal under Tenn.R. App.P. 3(c): [1]

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint.

Because double jeopardy provisions, in these circumstances, preclude a state appeal, we must dismiss. U.S. Const.Amend. V, Tenn. Const. art. I, § 10. Our interpretation of the trial court's ruling is that it is based upon an insufficiency of the evidence. As a result, we may not consider either the procedural or substantive issues argued by the state.

The defendant, James Dennis Hulse, was indicted for the offense of driving under the influence, second offense. At trial, the jury found that the defendant had in fact been driving under the influence, as alleged in count one of the indictment. Because the defendant had previously been convicted for driving under the influence on Sep-

tember 19, 1984, the state sought an enhanced sentence. The only proof presented in the second proceeding was a certified copy of the judgment in the prior offense. After a period of deliberation, the jury returned with a question.[2] While considering his answer, the trial judge noticed for the first time that the judgment document for the prior offense was not signed. *See* Tenn.R.Sup.Ct. 17.

After a discussion with counsel, the trial court dismissed the second count of the indictment, holding that the prior conviction was void as a matter of law. The defendant was then sentenced to serve five days in the local jail and pay a fine of $250.00.

In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Court held as follows:

> [T]his Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.

*Id.* at 660–61, 97 S.Ct. at 2041. (footnote omitted, citing *Price v. Georgia*, 398 U.S. 323, 326, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970)). *See State v. Knight*, 616 S.W.2d 593 (Tenn.1981).

Any ruling that in substance amounts to an acquittal triggers double jeopardy protection and prohibits a retrial. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

One exception to this rule is when the trial court erroneously excluded evidence, "which if received, would have rebutted any claim of evidentiary insufficiency." *Burks*, 437 U.S. at 5 n. 4, 98 S.Ct. at 2144 n. 4; *see State v. Duffel*, 631 S.W.2d 445 (Tenn.Crim.App.1981); *cf. Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1989). In such cases, however, the

---

**1.** In *State v. Gallaher*, 730 S.W.2d 622 (Tenn. 1987), our Supreme Court held that the state was required to pursue a Tenn.R.App.P. 10 extraordinary appeal when the trial court dismisses a count of an indictment *before trial.*

**2.** The jury asked the trial judge whether it mattered that the date of the prior offense as stated in the judgment was different from the date as alleged in the second count of the indictment. The judgment provided that the prior DUI was committed in 1984, while the indictment alleged that it was committed in 1985.

defendant, not the state, must initiate the appeal. A conviction must have resulted. In *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the Court made the following comment:

> The successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict ... poses no bar to further prosecution on the same charge. *A judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.* What may seem superficially to be a disparity in the rules governing a defendant's liability to be tried again is explainable by reference to the underlying purposes of the Double Jeopardy Clause. As *Kepner* [*v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904)] and *Fong Foo* [*v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)] illustrate, the law attaches particular significance to an acquittal. To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that "even though innocent he may be found guilty." *Green v. United States,* [355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)]. On the other hand, to require a criminal defendant to stand trial after *he has successfully invoked a statutory right of appeal* to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.

*Scott,* 437 U.S. at 91–92, 98 S.Ct. at 2193–94 (emphasis added); *see also United States v. Wilson,* 420 U.S. 332, 352, 95 S.Ct. 1013, 1026, 43 L.Ed.2d 232 (1975).

Thus, the Court has drawn a distinction between the criminal appeals of the defendant from his conviction and those of the state from an acquittal. *Cf. Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 308, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311 (1984). Once jeopardy attaches, the remedies available to the state on appeal are governed by the double jeopardy clause; the effect is absolute and not susceptible to judicial examination. The state simply cannot appeal when the evidence is insufficient. The Supreme Court has recently held as follows:

> [T]he Double Jeopardy Clause bars a postacquittal appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged."

*Smalis v. Pennsylvania,* 476 U.S. 140, 145–46, 106 S.Ct. 1745, 1749, 90 L.Ed.2d 116 (1986) (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977)).

This is true even if the pre-verdict acquittal was entered for erroneous reasons.[3] *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178–79, 57 L.Ed.2d 43 (1978); *See Smalis,* 476 U.S. at 144 n. 7, 106 S.Ct. at 1748 n. 7.

Of course, the double jeopardy clause does not always prevent a retrial when a case is dismissed before it is submitted to the jury. *See* 9 D. Raybin, *Tennessee Criminal Practice and Procedure,* § 16.116 (1984). But when "the ruling of the judge, whatever its label, actually rep-

---

**3.** Our decision in *State v. Duffel,* 631 S.W.2d 445 (Tenn.Crim.App.1981), is not necessarily to the contrary. In that case, the facts of which are similar to *Nelson,* we held that the double jeopardy clause did not prohibit a retrial of the habitual criminal portion of the defendant's trial when the defendant, in his appeal, obtained a reversal based on the insufficiency of the evidence. Our remand, on authority of *Burks,* 437 U.S. at 5 n. 4, 98 S.Ct. at 2144 n. 4, was based on the fact that the trial court had erroneously excluded evidence of two federal convictions which would have established sufficient evidence of habitual criminal status even though three of the predicate convictions actually admitted in the trial court did not qualify as predicate offenses.

resents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged," the double jeopardy clause bars a retrial on that offense. *Martin Linen,* 430 U.S. at 571, 97 S.Ct. at 1355; *State v. Knight,* 616 S.W.2d at 595 n. 1.

■ Here, the trial court decided that the prior judgment of conviction was facially void and dismissed count two of the indictment.[4] In our view, his action amounted to a judgment of acquittal under Rule 29, Tenn.R.Crim.P. The trial court implicitly held that the evidence was insufficient to support enhancement based on the prior DUI offense.[5]

In *Reed v. State,* 581 S.W.2d 145, 149–50 (Tenn.Crim.App.1978), this court held that where "the proof adduced on the enhanced punishment phase of th[e] trial was totally insufficient to support a jury finding that the State had proved that the defendant had been convicted of the prior ... offenses ... the accused may not be subjected to another prosecution involving the same case for the purpose of enhanced punishment." *Id.* at 149–50. Because we held in *Reed* that jeopardy attaches in a sentence enhancement hearing conducted before a jury, the double jeopardy clause(s) bars a second sentencing hearing. *Cf. Lockhart v. Nelson,* 109 S.Ct. at 289 n. 6; *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

The state's reliance on *Lockhart v. Nelson,* 109 S.Ct. 285, is misplaced. In that case, the defendant instituted a federal habeas corpus proceeding seeking a reversal of his habitual criminal offender status because one of the predicate offenses had been pardoned by the Arkansas governor before the habitual criminal portion of his trial. He pursued the appeal. After successfully securing the reversal of the habitual criminal determination, the defendant then claimed that a retrial on the issue of his habitual criminality was prohibited because, when the evidence of the pardoned conviction was excluded, the remaining evidence in the first trial was insufficient to support a conviction. The state was permitted to retry Nelson on the habitual criminal charge because there might have been evidence of other convictions, not including the pardoned offense, sufficient in number to establish his enhanced sentencing status. Because the trial court permitted the pardoned conviction as evidence of his status, the state might have deemed evidence of other convictions, greater in number to that required to support habitual criminality, unnecessary.

*Nelson* is also distinguishable because the evidence of the prior conviction, although erroneously allowed into evidence, formed the basis of the jury's verdict of guilt. Here, before the jury rendered its verdict, the trial court found that the evidence should not have been introduced; and, because the judgment was the sole basis for the enhancement status, the trial judge took the case from the jury and entered a judgment of acquittal. The state made no attempt before the dismissal to establish the existence of other convictions which might have qualified the defendant for an enhanced sentence.

In summary, when the trial court entered a judgment of acquittal at the conclusion of the state's evidence, double jeopardy precluded an appeal by the state. We view the action by the trial court as such a judgment. The appeal is, accordingly, dismissed.

DUNCAN, P.J., and BYERS, J., concur.

---

4. Nothing in this opinion should be interpreted as implying that the trial court was incorrect when it held that the unsigned judgment was facially void as a matter of law. We do not decide that issue in this appeal.

5. After the trial court dismissed count two of the indictment, the state requested a second sentencing hearing. The trial court replied, in part, that "The man [defendant] has been put in jeopardy on the second count, and I'm not going to put anything back on the docket. As far as I'm concerned, it's over." We interpret this as a judgment of acquittal on the second count of the indictment.