IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. CHARLES B. BRYAN

**Direct Appeal from the Criminal Court for Shelby County**
**No. C98-01955     W. Otis Higgs, Judge**

---

**No. W1999-00620-CCA-R3-CD - Decided June 27, 2000**

---

The defendant appeals his summary conviction of criminal contempt.  Because we conclude that the trial court used an improper basis for convicting the defendant and erroneously denied him a hearing, the conviction is reversed and vacated, and the case is remanded to the trial court for further proceedings.

**Tenn .R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Vacated.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which SMITH, J., and WEDEMEYER, J., joined.

William D. Massey and Lorna S. McClusky, Memphis, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter, Nashville, Tennessee, J. Ross Dyer, Assistant Attorney General, Nashville, Tennessee, William L. Gibbons, District Attorney General, Memphis, Tennessee, Rhea Clift, Assistant District Attorney General, Memphis, Tennessee,  for the appellant, State of Tennessee.

### OPINION

The defendant, Charles B. Bryan, appeals from his Shelby County Criminal Court conviction of criminal contempt. See Tenn. Code Ann. § 29-9-102, -103 (1980).  The conviction followed a summary proceeding in which the trial judge held the defendant in contempt of court for failing to appear in the trial court the previous day for a scheduled court appearance in a pending criminal matter. In this appeal, the defendant argues that the trial court's determination of contempt lacks a necessary finding that the failure to appear in court was willful and that the trial court wrongfully denied him a hearing before imposing judgment.  Essentially, the state accedes to the defendant's claims, although the parties have not agreed as to the proper disposition of the case. After review, we reverse and vacate the trial court's judgment and remand the case for further contempt proceedings upon notice and a hearing.

The sparse record indicates that the defendant had a criminal case pending in the trial court and was in the process of seeking judicial diversion. He was scheduled to appear in the trial court on July 6, 1999 and failed to do so. On July 7, 1999, he appeared in court to address the diversion application. The trial court indicated its displeasure with the defendant's failure to appear on the previous day. Despite defense counsel's statements that the failure to appear was the result of the defendant working in his hay crop and forgetting to come to court, the trial court summarily held the defendant in contempt and imposed a fine of $50.00, based upon the court's observation that it was "irresponsible just to forget." Counsel requested that the defendant be afforded a hearing on the matter before the court imposed judgment, but the trial court denied the request. The trial judge said the sanction was necessary in order to assure that the defendant receive the same treatment as do other defendants and to address the "epitome of irresponsibility" demonstrated by the defendant forgetting to come to court. Upon this record, we review the defendant's claims that the trial court wrongfully held him in contempt of court without finding that his misfeasance was willful and without availing to him a hearing on the matter.

In his first issue, the defendant argues that the scope of the trial court's power to impose a judgment for criminal contempt is limited and controlled by Tennessee Code Annotated section 29-9-102, which provides:

> The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
>
> (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice.
> (2) The willful misbehavior of any of the officers of said courts, in their official transactions.
> (3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts.
> (4) Abuse of, or unlawful interference with, the process or proceedings of the court.
> (5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them.
> (6) Any other act or omission declared a contempt by law.

Tenn. Code Ann. § 29-9-102 (1980). The defendant rightly points out that the statutory grounds which could serve to support his conviction require that the misbehavior be willful. See Ahern v. Ahern, 15 S.W.3d 73, - - -, No. W1997-00233-SC-R11-CV, slip op. at 6 (Tenn., Mar. 20, 2000) ("an act of contempt is a wilful or intentional act that offends the court and its administration of justice"); Black v. Blount, 938 S.W.2d 394, 397 (Tenn. 1996) (commenting that Code section 29-9-102 limits

-2-

and defines the "vast and undefined" power of the courts at common law to punish contempts); State v. Turner, 914 S.W.2d 951, 956 (Tenn. Crim. App. 1995) (criminal "contemptuous conduct *must* fall within a statutory provision" and the conduct must have been willful) (emphasis added).  As the defendant argues, the trial court based its contempt determination upon the defendant's irresponsibility in forgetting his court date, rather than upon a finding that the failure to appear was willful. The state agrees and concedes that the criminal contempt judgment in this case must be grounded upon willful misbehavior and cannot be justified by the defendant's neglect.

In the defendant's second issue, he argues that the trial court erred when it failed to afford him a hearing on the criminal contempt charge. He relies upon Tennessee Rule of Criminal Procedure 42, which provides in pertinent part:

> **Criminal Contempt**. – (a) Summary Dispositions.–A criminal contempt may be punished summarily *if the judge certifies that he or she saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court.*  The order of contempt shall recite the facts and shall be signed by the judge and entered of record.
> (b) Disposition upon Notice and Hearing. –A criminal contempt except as provided in subdivision (a) of this rule *shall be prosecuted on notice*. The *notice shall state the time and place of hearing*, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such.  The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. . . . Upon a verdict of finding of guilt the court shall enter an order fixing the punishment.

Tenn. R. Crim. P. 42 (emphasis added).  Again, the state agrees and concedes that the defendant's misbehavior fell within subdivision (b) of the rule and that the trial court erred in not affording the defendant a hearing.

We conclude that the parties are correct in their assessment of both issues.  In view of the explicit provisions of Code section 29-9-102 and Rule 42, the trial court's contempt determination is not supportable in the absence of a finding, made after a hearing that is held upon reasonable notice,  that the defendant was guilty of willful misbehavior that contemns the court. Accordingly, the trial court's judgment of contempt must be reversed and vacated.

The parties have not agreed, however, as to the disposition of the case following the vacating of the contempt judgment.  The defendant asks for a reversal and, implicitly, a dismissal

of the contempt charge, "or in the alternative, to remand the matter to the trial court for a full and fair hearing ." The state "submits that his case should be remanded to the trial court for a hearing on the criminal contempt charge" and does not allow that the charge should be dismissed. Neither party has addressed the issue of disposition by further argument or with citation to relevant authorities.

Our analysis of the disposition issue begins with a recognition of established rules defining the nature of criminal contempt proceedings. "Criminal contempt convictions are punitive in character, and their primary purpose is to vindicate the court's authority." Thigpen v. Thigpen, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Criminal contempt is a concept that is "intended to preserve the power and vindicate the dignity and authority of the law[] and the court as an organ of society." Black, 938 S.W.2d at 398. Criminal contempt proceedings "'in a very true sense raise an issue between the public and the accused.'" Id. (citation omitted). Thus, the proceedings are essentially criminal in nature: A defendant in a criminal contempt proceeding is presumed innocent, and the state must prove him or her "guilty beyond a reasonable doubt." Id.; see also Thigpen, 874 S.W.2d at 53.

Constitutional provisions protect a person from more than once being placed in jeopardy of conviction of a crime. U.S. Const. amend. V, amend XIV; Tenn. Const. art I, sec. 10. Principles of double jeopardy apply to criminal contempt proceedings. See generally Ahern. One principle of the double jeopardy provision is that a person may not be re-prosecuted for an offense after he or she has been acquitted of that offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969); State v. Todd, 654 S.W.2d 379, 381 (Tenn.1983); State v. Boggs, 865 S.W.2d 920, 921 (Tenn. Crim. App. 1992). "There can be no acquittal, however, until jeopardy attaches." State v. Todd, 654 S.W.2d 379, 382 (Tenn. 1983).

Next, our analysis of the issue of disposition of the case reveals that divergent results are suggested by two basic rules of law. On the one hand, it can be posited that the trial court's judgment of criminal contempt is not supported by sufficient evidence because the record is devoid of any evidence or judicial notice that establishes willful misbehavior, an element of the offense. As in other criminal cases, when the sufficiency of the convicting evidence in a criminal contempt case is challenged on appeal, the appellate court "must review the record to determine if the proof adduced at trial supports the findings of the trier of fact of guilt beyond a reasonable doubt." Black, 938 S.W.2d at 399. See Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 2789 (1979). If the evidence under this standard is insufficient to support the criminal conviction, the remedy is a reversal of the conviction and a dismissal of the charge. Burks v. United States, 437 U.S. 1, 18, 98 S. Ct. 2141, 2150-51 (1978); State v. Maupin, 859 S.W.2d 313, 316 (Tenn. 1993); State v. Anderson, 985 S.W.2d 9, 17 (Tenn. Crim. App. 1997). See State v. Green, 783 S.W.2d 548, 553 (Tenn. 1990) (based upon the convicting evidence being insufficient, criminal contempt convictions were ordered "set aside and for naught held"); State v. Alfred B. Rollins, No.01C01-9304-CR-00114, slip op. at 5 (Tenn. Crim. App., Nashville, Sep. 5, 1996) (criminal contempt conviction reversed and charge dismissed by appellate court upon determination that the convicting evidence was insufficient). For double jeopardy purposes, a holding that the evidence is insufficient is essentially an acquittal. Anderson, 985 S.W.2d at 17; State v. Burlison, 868 S.W.2d 713, 718 (Tenn.

Crim. App. 1993); State v. Hulse, 785 S.W.2d 373, 374 (Tenn. Crim. App. 1989).

On the other hand, the trial court received no evidence, took the defendant's characterization of his misbehavior as true, and erroneously determined that the defendant was guilty as a matter of law. Moreover, given the dictates of Criminal Rule of Procedure 42, the trial court erred when it proceeded summarily. Hence, this court's reversal of the contempt conviction could be viewed as based upon trial court error. Typically, reversals sought by the defendant based upon trial court error do not require dismissal of the charges, and retrial is not barred by principles of double jeopardy. Maupin, 859 S.W.2d at 36; Hulse, 785 S.W.2d at 375.

We conclude that the latter rule controls the present case, and accordingly the case should be remanded for a hearing, after notice, on the contempt charge. The trial court received no evidence to be adjudged sufficient or insufficient. The court made no findings of fact, except for the defendant's non-appearance in court for a scheduled hearing, a fact that was essentially stipulated by the defendant. By denying the hearing mandated by Rule 42(b), the court pretermitted the process by which evidence could be presented. Thus, the nature and character of the flaw in the trial court's proceedings is legal error and is not the imposition of a conviction based on insufficient evidence.

We believe this conclusion is supported by referring to the concept of the attachment of jeopardy. "To raise a double jeopardy objection it is fundamental that a defendant must have been previously placed in jeopardy on the charge. Without the risk of a determination of defendant's guilt, jeopardy does not attach so that an appeal or further prosecution constitutes double jeopardy." Todd, 654 S.W.2d at 381 (citing Serfass v. United States, 420 U.S. 377, 391-93, 95 S. Ct. 1055, 1064-65 (1975)) (other citations omitted). "Jeopardy only attaches when a defendant is put to trial before the trier of fact." Todd, 654 S.W.2d at 381. In the present case, there was no trial by a trier of fact, and the defendant was not in jeopardy until the trial court declared the contempt. Normally, jeopardy attaches in a non-jury proceeding when a witness is sworn to testify. Ahern, 15 S.W.3d at - - -, slip op. at 9; State v. Pennington, 952 S.W.2d 420, 422 (Tenn. 1997). When there is no witness sworn and no fact trial in a contempt proceeding, jeopardy cannot attach until the contempt is declared. See Dorothy Jane Ahern v. Robert Frances Ahern, No. 02A01-9708-CV-00190, slip op. at 6 (Tenn. Ct. App., Sept. 11, 1998) (in *nonsummary* criminal contempt proceedings, jeopardy attaches "as it attaches to other criminal prosecutions"), rev'd in part on other grounds, 15 S.W.3d 73, No. W1997-00233-SC-R11-CV (Tenn., Mar. 20, 2000); see also Todd, 654 S.W.2d at 382-83 (in a guilty plea submission hearing, jeopardy does not attach "until the plea is unconditionally accepted" by the trial court.) However, in the present case, the trial court's summary declaration of contempt was error. In other words, jeopardy only attached when the erroneous conviction was imposed. Under the circumstances, this analysis points to a reversal that poses no bar to retrial.

Accordingly, the judgment of the trial court is reversed and vacated, and the case is remanded for further contempt proceedings upon notice and a hearing.