IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

**STATE OF TENNESSEE v. KEVIN DEAN ATKINS**

**Appeal from the Circuit Court for Stewart County**
**No. 2014-CR-3     Larry J. Wallace, Judge**
_____

**No. M2015-01636-CCA-R9-CD – Filed November 2, 2016**
_____

The Defendant, Kevin Dean Atkins, appeals the trial court's order setting aside a plea agreement whereby the Defendant pled guilty to public intoxication and admitted violating the terms of his probation for a prior conviction. The Defendant filed a motion for permission to seek an interlocutory appeal of the trial court's order pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, and his motion was granted. On appeal, the State concedes that the trial court's order violated the Defendant's double jeopardy rights. We agree and accept the State's concession. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

James R. Potter, Clarksville, Tennessee, for the appellant, Kevin Dean Atkins.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; John W. Carney, District Attorney General; and Brooke M. Orgain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On January 21, 2014, the Defendant was indicted for driving under the influence ("DUI") and DUI per se. *See* T.C.A. § 55-10-401(1), (2). On November 24, 2014, the

Defendant appeared before the trial court on the DUI charges and a violation of probation charge. Defense counsel announced that the Defendant agreed to waive the hearing on the violation of probation, serve ten days in jail on the weekends, and extend the probationary period by one year. Defense counsel also announced that the Defendant agreed to plead guilty to a reduced charge of public intoxication and serve a probated sentence of eleven months and twenty-nine days to run consecutive to the violation of probation. In response to questioning by the trial court, both the State and defense counsel advised the trial court that everything had been addressed. The trial court agreed to accept the weekend service of ten days if the Defendant passed a drug screen.

The Defendant confirmed under oath that he wished to waive the hearing on the probation violation charge and admit the violation. The trial court found the Defendant in violation of his probation and sentenced him to ten days in jail to be served on weekends upon the passing of a drug screen. The trial court also extended the Defendant's probation for one year after the Defendant said he agreed to the extension.

The trial court advised the Defendant that he was charged with an amended count of public intoxication. Defense counsel stated that public intoxication was a Class C misdemeanor, even though he had previously announced that the conviction was a Class A misdemeanor with a sentence of eleven months and twenty-nine days. When asked what agreement had been reached with the prosecutor, defense counsel replied, "We didn't discuss the time. It was just the charge." The prosecutor stated that if the Defendant was "going to plea to public intox, then a C misdemeanor is fine." The trial court asked, "So it will be 30 days now?" The prosecutor replied, "Yeah." The trial court advised the Defendant of his right to a trial, and the Defendant confirmed that he wished to waive his right to a trial and enter a guilty plea.

The prosecutor then set out the factual basis for the plea as follows:

Deputy Jody L. Batton of the Stewart County sheriff's office was dispatched to 1711 Tobacco Port Road in Bumpus Mills Tennessee on a 9-1-1 call, a vehicle being off the roadway and on fire. Upon the officer's arrival, the fire department was already on there, Officer Batton made contact with the defendant Kevin Atkins and smelled an [odor] of alcohol coming from his person. His speech was slow and slurred and his eyes were watery and bloodshot…. [T]he defendant did admit to drinking two beers in a four hour span and he performed poorly on field sobriety tests…. I think they did take blood from him, but he was taken to the hospital for a health check due to the accident.

-2-

The trial court stated, "The Court finds a factual basis for it, as well as admissions of the defendant, accepts the plea agreement. It's amended to a public intox, Class C misdemeanor sentence conviction, 30 day sentence consecutive—suspended to probation, consecutive to the [violation of probation]." The trial court scheduled the Defendant's report date for the ten-day sentence for Friday, November 28, 2014.

> On November 24, 2014, the trial court entered an order, stating:
>
> Upon recommendation of a plea agreement by the State of Tennessee through the District Attorney's Office and the defendant through the defendant's attorney. The State of Tennessee and the victim's interest (if applicable) has been represented by the District Attorney's Office and the defendant's interest has been represented by the defendant's attorney. The District Attorney's Office in making their recommendation of this plea agreement has weighed the relative strengths and weaknesses of their case and the entire record of this action and from all of which, the Court finds as follows:
> 1.) That based on the foregoing recommendation, the following attached Order of the Judgment is hereby authorized and incorporated herewith.

The judgment, however, was not attached to the trial court's order.

On January 13, 2015, the State filed a "Motion to Set Aside Judgment" in case number 2014-CR-3, the public intoxication conviction. The State alleged that the Defendant's guilty plea was based upon an offer presented to defense counsel by Connie Turner, a probation officer. The State further alleged that when the prosecutor received the offer from defense counsel, the prosecutor believed it to be an offer made by one of the other assistant attorney generals in the district. According to the State, when the prosecutor stated this belief on the record, neither defense counsel nor Ms. Turner objected. The State maintained that as a result, the guilty plea was invalid. The Defendant filed an answer, asserting that he entered a knowing and voluntary plea with full knowledge by the State and that the State was, therefore, barred from raising the issue on the grounds of estoppel. The Defendant also asserted that the judgment was final and that the State's motion was time- barred.

During a hearing on the State's motion, the Defendant did not dispute that Ms. Turner approached defense counsel and handed him a written offer disposing of the probation violation charge and the DUI charges. The prosecutor stated that she believed that another prosecutor had made the offer and that defense counsel also may have believed that a prosecutor made the offer. The prosecutor characterized the events as a "misunderstanding."

At the conclusion of the hearing, the trial court granted the State's motion. The court found that the judgment was not final because he had not yet signed it. The court also found that there was no "mutual meeting of the minds" between the parties. The court stated:

> And because the plea agreement was for everything, includ[ing] the [violation of probation] and the DUI, the Court is going to set aside all of it…. I don't know if the State's motion was just for the DUI or not, but it's going to set aside all of it. And so, basically, the parties—both sides will be returning to status quo as they were before November 24, 2014.

The Defendant subsequently sought permission from the trial court to file an application for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The Defendant filed a notice, attaching his incarceration record which showed that he had served eight days of his ten-day sentence.[1] The trial court granted the Defendant's motion, and this court subsequently granted the Defendant's application for permission to appeal.

## ANALYSIS

The Defendant contends that the trial court erred in vacating his guilty plea. The State concedes that the trial court's order violated the Defendant's double jeopardy rights. We agree with the State that under the circumstances of this case, the trial court's order vacating the Defendant's guilty plea violated his double jeopardy rights.

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides for a mechanism by which a defendant may move to set aside a guilty plea after the plea has been accepted by the trial court. The Tennessee Rules of Criminal Procedure do not provide the State with the same opportunity. Nevertheless, this court has recognized a trial court's authority to set aside a guilty plea after the court has accepted the plea but before the judgment is entered. *See State v. Burris*, 40 S.W.3d 520, 523-24 (Tenn. Crim. App. 2000). "[A]fter judgment has been entered[,] a trial court does not have the inherent power to withdraw its acceptance of the plea." *Id.* at 524 (citations omitted). Because the judgment had not been entered in the present case, the trial court had the authority to set aside the Defendant's guilty plea. Nevertheless, we must consider whether the trial court's decision to withdraw its acceptance of the Defendant's plea agreement violated the double jeopardy provisions of the United States and Tennessee Constitutions.

---

[1] According to the record, the Defendant was incarcerated November 28-30 and December 5-7, 19-21, and 26-28 of 2014.

-4-

The United States and Tennessee Constitutions protect an accused from being twice placed in jeopardy for the "same offense." *See* U.S. Const. amend. V; Tenn. Const. art. I, § 10. The prohibition against double jeopardy affords three fundamental protections: (1) protection against a second prosecution following an acquittal; (2) protection against a second prosecution following conviction; and (3) protection against multiple punishments for the same offense. *State v. Watkins*, 362 S.W.3d 530, 547 (Tenn. 2012) (citations omitted). The policy reasons supporting these protections include goals of certainty, reliability, and respect for the "judicial process" and "finality of judgments," *Bray v. State*, 506 S.W.2d 772, 775 (Tenn. 1974); prevention of prosecutorial overreaching, *Ohio v. Johnson*, 467 U.S. 493, 498-99 (1984); and prevention of the expense, embarrassment, and anxiety of repeated defenses, *id.*

The Tennessee Supreme Court has held that "jeopardy does not attach at a hearing on a guilty plea until the plea is unconditionally accepted." *State v. Todd*, 654 S.W.2d 379, 383 (Tenn. 1983). In *Todd*, the parties reached an agreement reducing the defendant's second degree murder charge to voluntary manslaughter, and the trial court signed an order during the plea hearing reducing the charge to voluntary manslaughter. *Id.* at 380-81. After the trial court concluded during the same plea hearing that the agreement reached by the parties regarding the defendant's sentence was too lenient, the trial court rejected the plea agreement and ordered the defendant to stand trial for second degree murder. *Id.* at 381. On appeal, the Tennessee Supreme Court held that because the trial court never accepted the plea, jeopardy never attached, and "the trial court, therefore, was not prohibited by the double jeopardy clause from revoking its preliminary determination to reduce the charge as part of the plea negotiations. Until a final judgment is entered a court is free to reject the plea and plea agreement." *Id.* at 383 (citing *United States v. Sanchez*, 609 F.2d 761, 763 (5th Cir. 1980)).

In *State v. Atkins*, this court held that jeopardy did not attach when the trial court initially accepted the defendant's best interest plea but later rejected the State's sentencing recommendation following a separate sentencing hearing when the trial court elected to treat the plea agreement as contingent upon the court's review of the presentence report. *State v. Atkins*, 867 S.W.2d 350, 353 (Tenn. Crim. App. 1993); Tenn. R. Crim. P. 11(c)(1)(C), (c)(3)(A) (providing that when the State agrees that a specific sentence is appropriate as part of a plea agreement, the trial court may accept or reject the agreement or "may defer its decision until it has had an opportunity to consider the presentence report").

In *State v. Burris,* this court held that a trial court's decision to set aside a guilty plea after the court had accepted the plea did not violate double jeopardy when the court's acceptance of the plea was premised on the trial court's misunderstanding of the terms of the plea and the misunderstanding was reflected in the record. *Burris*, 40

S.W.3d at 526-27. The trial court accepted the defendant's guilty plea to lesser-included drug offenses and sentenced the defendant to the agreed upon sentence. *Id.* at 522-23. The only issue that remained was whether the defendant would receive a suspended sentence. *Id.* at 523. During the sentencing hearing, the trial court learned that it did not have the same understanding of the terms of the plea as the parties. *Id.* The court subsequently withdrew its acceptance of the plea and declined to accept a plea to any charge other than that set forth in the indictment. *Id.* In upholding the trial court's decision to withdraw its acceptance of the plea, this court noted that a final judgment had not been entered, that the trial court's misunderstanding of the terms of the plea were reflected in the transcript of the guilty plea hearing, and that the policies behind the double jeopardy clause were not at issue. *Id.* at 525-27.

While a final judgment had not been entered in the present case, the record reflects that the trial court unconditionally accepted the Defendant's guilty plea and all terms of the plea agreement, including the recommended sentences, during the plea hearing. The trial court then entered an order reflecting its acceptance of the Defendant's guilty plea. No issues requiring a separate sentencing hearing remained. *Cf. id.* at 523 (noting that a separate sentencing hearing was required to determine the manner of service of the defendant's sentence); *Atkins*, 867 S.W.2d at 353 (noting that the trial court elected to treat the plea agreement as contingent upon its review of the presentence report). Shortly after the trial court's acceptance of what the court later found to be a "package deal" that resolved both the violation of probation and DUI charges, the Defendant began serving his ten-day sentence in confinement for violating his probation and completed at least a majority of the sentence before the State filed a motion seeking to withdraw the plea. Thus, the Defendant appears to have relied upon the agreement to his detriment.

Moreover, unlike *Burris*, no misunderstanding existed regarding the terms of the plea agreement. *See Burris*, 40 S.W.3d at 526-27. The transcript of the plea hearing reflects that the parties and the trial court understood all terms of the plea agreement. Rather, the misunderstanding involved the source of the plea offer, which was not yet discovered at the time of the plea hearing. It was only after the trial court unconditionally accepted the Defendant's plea and the Defendant served at least a majority of his sentence before the misunderstanding came to light.

Nothing in the record established that the misunderstanding was derived from fraudulent acts committed by the Defendant or his counsel. *See State v. Fred Fulgenzi*, No. 02C01-9802-CR-00038, 1999 WL 544645, at *4 (Tenn. Crim. App. July 27, 1999) (addressing whether defense counsel engaged in fraudulent acts in procuring the plea, justifying the trial court's decision to set aside the defendant's guilty plea). During the hearing on the State's motion to set aside the plea agreement and in its brief on appeal, the State argued that both parties mistakenly believed that a prosecutor with the district

attorney general's office had approved the plea offer. The State acknowledged that multiple prosecutors had appeared before the trial court in Stewart County, and the trial court described the day of the plea hearing as "hectic." Accordingly, under the unique circumstances of this case, we conclude that the trial court's decision to withdraw its acceptance of the plea agreement violated the Defendant's double jeopardy rights.

## CONCLUSION

Based on our review of the record and the applicable law, we reverse the trial court's order vacating the Defendant's plea agreement and remand the case to the trial court for entry of judgments in accordance with the terms of the plea agreement.

_____
JOHN EVERETT WILLIAMS, JUDGE